

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

Nos. 04-13-00242-CR & 04-13-00243-CR

James Michael **CHIN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2012CR5328 & 2011CR7140
Honorable Melisa Skinner, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  December 31, 2013

AFFIRMED

James Michael Chin was convicted by a jury of aggravated sexual assault of a child and

indecency with a child.  The victims were Chin's step-daughters.  On appeal, Chin asserts: (1) the

prosecution failed to disclose a favorable email communication to him; (2) the trial court erred in

excluding the email as not properly authenticated; (3) trial counsel rendered ineffective assistance

of counsel; and (4) testimony regarding a medical report was admitted into evidence in violation

of the Confrontation Clause.  We overrule Chin's issues and affirm the trial court's judgments.

*BRADY* CLAIM

In his first issue, Chin contends the prosecution failed to disclose an email from the victims' mother in which the victims' mother admitted that one of the victims had lied about the sexual abuse. Chin asserts that the State's failure to disclose the email was in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

In *Brady*, the United States Supreme Court held "'that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.'" *Pena v. State*, 353 S.W.3d 797, 809 (Tex. Crim. App. 2011) (quoting *Brady*, 373 U.S. at 87). "The scenarios to which *Brady* applies 'involve[ ] the discovery, after trial of information which had been known to the prosecution but unknown to the defense.'" *Id*. at 810 (quoting *United States v. Agurs*, 427 U.S. 97, 103 (1976)). Consequently, the State does not have a duty to disclose if the defendant is actually aware of the exculpatory evidence. *Id.*

In this case, the email which Chin asserts was not disclosed was an email allegedly sent to him and in his possession. In fact, Chin sought to introduce the email into evidence at trial. Even if we were to assume that the prosecution was aware of the email,[1] no disclosure was required because Chin was actually aware of it. *See id*.

In his brief and in his reply brief, Chin alternates between complaining about the specific email he sought to introduce at trial and the collection of emails between Angela and Chin after the outcry. Although Chin contends it would be "unbelievable" that the State was unaware of these emails, nothing in the record establishes knowledge on the part of the State. Moreover, just as *Brady* does not apply to evidence of which the defendant is actually aware, *Brady* also does not

---

[1] During her testimony, the victims' mother denied ever having sent the email.

apply when the defendant "could have accessed [the evidence] from other sources." *Id*. at 810. Stated differently, "[a]n accused may not require the prosecution to obtain evidence for him that is equally available to the accused and the prosecution." *Flores v. State*, 940 S.W.3d 189, 191 (Tex. App.—San Antonio 1996, no pet.). Since the emails in question were sent to Chin, it stands to reason that they were equally available to him and that he could have accessed them from other sources. Accordingly, Chin's first issue is overruled.

## EXCLUSION OF EMAIL

In his second issue, Chin contends the trial court erred in excluding the email from evidence.

"Evidence has no relevance if it is not authentically what its proponent claims it to be." *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012). "Rule 901(a) of the Rules of Evidence defines authentication as a 'condition precedent' to admissibility of evidence that requires the proponent to make a threshold showing that would be 'sufficient to support a finding that the matter in question is what its proponent claims.'" *Id*. (quoting TEX. R. EVID. 901(a)). In determining whether the proponent has made a sufficient threshold showing, the trial court must decide "whether the proponent of the evidence has supplied facts that are sufficient to support a reasonable jury determination that the evidence he has proffered is authentic." *Id*. We review the trial court's ruling on this preliminary question of admissibility under an abuse of discretion standard. *Id*.

Electronic evidence may be authenticated in a number of different ways. *Id*. Printouts of emails have "been admitted into evidence when found to be sufficiently linked to the purported author so as to justify submission to the jury for its ultimate determination of authenticity." *Id*. at 639. With regard to printouts of emails, the Texas Court of Criminal Appeals has instructed "[t]hat

an email on its face purports to come from a certain person's email address" is typically not sufficient to support a finding of authenticity without additional links. *Id*. at 641-42 & n. 36.

In this case, the victims' mother denied sending Chin the email in question, and the only link between the victims' mother and the email was the email address. When discussing the admissibility of the evidence at trial, the trial court determined that Chin had not met his threshold burden, noting:

> Because it looks to me like it's very possible that somebody xeroxed one thing on top of another. And you cannot say that's an original. And she's denying that she ever did it.
> So unless you have some record that's going to be more authentic than that, then I'm not allowing that.
> I can go back there right now and take my email and cut off the to and the from and then place it over another statement and xerox it. And that doesn't mean that that's an authentic e-mail.

Because the only link between the email in question and the victims' mother was the email purporting on its face to have been sent from her email address, the trial court did not abuse its discretion in excluding the email from evidence, and Chin's second issue is overruled,

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his third issue, Chin contends trial counsel was ineffective in representing him. Primarily, Chin focuses on trial counsel's failure to pursue additional evidence, including expert testimony, to lay a proper predicate for the introduction of the email addressed in his second issue. Chin also points to trial counsel's failure to file additional pre-trial discovery motions to determine the substance of the evidence the State would introduce at trial.

To prevail on a claim of ineffective assistance of counsel, an appellant must prove two elements by a preponderance of the evidence: (1) deficient performance of trial counsel; and (2) harm resulting from that deficiency sufficient to undermine confidence in the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex parte LaHood*, 401 S.W.3d 45, 49 (Tex.

Crim. App. 2013). Deficient performance is that which falls "'below an objective standard of reasonableness' under prevailing professional norms and according to the necessity of the case." *Ex parte Moore*, 395 S.W.3d 152, 157 (Tex. Crim. App. 2013) (quoting *Strickland*, 466 U.S. at 687–88). Trial counsel's actions are presumed reasonable and based on sound trial strategy. *Id*. To overcome this presumption, an appellant must establish ineffectiveness that is "firmly founded" and affirmatively demonstrated in the record. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). A direct appeal is generally an "inadequate vehicle for raising such a claim because the record is generally undeveloped." *Id*. Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Id*. (quoting R*ylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)). "Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Deficient performance is prejudicial to an accused "when there is a reasonable probability that the outcome of the trial would have been different but for counsel's deficiency." *LaHood*, 401 S.W.3d at 50. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the trial. *Strickland*, 466 U.S. at 694.

In this case, the record does not reveal when trial counsel became aware of the existence of the email in question because trial counsel has not been given the opportunity to explain his actions. The record does reveal that trial counsel was able to place the possibility of the email's existence before the jury through the testimony of the victims' mother.[2] The record also reveals

---

[2] During cross-examination, the following answers were elicited from the victims' mother:

that trial counsel developed a defensive theory and was adequately prepared to cross-examine the State's witnesses during trial even absent any additional pre-trial discovery. Because the record is silent, we may not speculate regarding trial counsel's reasons for the approach taken with regard to the email or his decision not to pursue any additional pre-trial discovery. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002) ("Ineffective assistance of counsel claims are not built on retrospective speculation. . . ."). This opinion does not, however, preclude Chin from "resubmit[ting] his [ineffective assistance of counsel] claim via an application for writ of habeas corpus." *Thompson*, 9 S.W.3d at 814.

## CONFRONTATION CLAUSE

In his final issue, Chin contends the trial court erred in allowing Nancy Kellogg to testify regarding the report of Dr. John Melville, who did not testify at trial. Chin asserts the testimony violated his right to confront and cross-examine Dr. Melville.

"[A] defendant's right to confrontation under the Sixth Amendment is violated when a witness is permitted to relate out-of-court 'testimonial' hearsay statements." *Berkley v. State*, 298 S.W.3d 712, 715 (Tex. App.—San Antonio 2009, pet. ref'd) (citing *Crawford v. Washington*, 541

---

Q.      Ms. Chin, I'm going to show you a piece paper. It has a blue sticker marked Defendant's Exhibit Number 1. Do you recognize your e-mail address on that piece of paper?
A.      Yes.
Q.      And do you recognize the date that it — the date, Tuesday, April 12th, 2011?
A.      Yes.
Q.      And that is the date in the time range that you were talking that you had your conversations with James Chin; is that correct?
A.      Approximately, yes.
Q.      Okay. Now, I'm going to have you — and who is this e-mail addressed to?
A.      To James Chin.
Q.      Okay. I'm going to have you read that.
        THE COURT: To yourself.
Q.      To yourself.
A.      (Witness complies)
Q.      And I'm going to ask you again, Ms. Chin, is there ever a conversation you had with James Chin where you admit to him that [one of the victims] was lying?
A.      No.
Q.      You never admitted in an e-mail that you knew [one of the victims] was being untruthful?
A.      No.

U.S. 36, 59 (2004)). This court recently discussed an issue that is virtually identical to Chin's fourth issue. *Id*. at 714-15.

In *Berkley*, Shelly Botello, a sexual assault nurse examiner who was the coordinator of the sexual assault nurse examiners program at a hospital, was permitted to testify regarding a medical report prepared by another sexual assault nurse examiner, Cathy Krausse. *Id*. at 714. Krausse's report was admitted into evidence as a business record. *Id*. Botello then read some of Krausse's report, including Krausse's observations about the complainant's general and emotional appearance, and added her interpretation of those observations. *Id.* at 715. This court overruled the appellant's complaint regarding the trial court's admission of this evidence on appeal, holding the purpose of the report was to render medical treatment to the complainant and was not "testimonial." *Id*. Furthermore, we noted that because the report was properly admitted into evidence, Botello could read the contents of the report to the jury. *Id*.

Similarly, in this case, Dr. Melville's report was admitted into evidence without objection. Because the purpose of the report was to render medical treatment,[3] no violation of the confrontation clause resulted from Kellogg's testimony regarding its content. *See id*. Finally, no objection was made to Kellogg's opinion that the medical history in the report supported the diagnosis of sexual abuse.

Chin's fourth issue is overruled.

**CONCLUSION**

The trial court's judgments are affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH

---

[3] Kellogg testified that the examination is used to make a diagnosis and develop a treatment plan.