*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★ ★ ★ ★

# OPINION

No. 04-08-00381-CR

Arthur Wayne **BERKLEY**,
Appellant

v.

State of **TEXAS**,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-2053
Honorable Pat Priest, Judge Presiding[1]

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:    August 19, 2009

AFFIRMED

Arthur Wayne Berkley was convicted of sexual assault and sentenced to sixty years in prison. On appeal, Berkley argues the trial court erred by denying a motion to strike the venire, denying a motion for mistrial, and admitting a medical report and testimony about it into evidence. We affirm the trial court's judgment.

---

[1] Sitting by assignment

### STRIKING THE VENIRE

In his first point of error, Berkley complains the trial court erred in failing to dismiss or strike the venire after a comment made by one of the panel members. In the closing part of his individual voir dire, Berkley's counsel asked the panel, "Is there anything that anyone almost said or thinks would be very important for any of us to know about?" In response, one juror stated "I don't think I could judge Mr. Berkley. I could be very, very, wrong. But I have a feeling that I recognize him from parole. That's where I work. And it wouldn't be fair for him; for Mr. Berkley." Berkley's attorney simply stated "Okay. I appreciate that."

After voir dire concluded and the parties were discussing challenges for cause with the court, the trial judge indicated Berkley had moved to strike the panel because of the venireperson's comment. Although the court ultimately dismissed the venireperson for cause, it denied the motion to strike, stating the juror information form revealed the juror worked for the board of pardon and paroles, and defense counsel invited the complained-of comment. Berkley did not seek to conduct any additional voir dire or make any further request of the court concerning this issue.

When complaining of the trial court's denial of a motion to strike the venire because of something a venireperson said, the burden is on the defendant to show (1) other members of the panel heard the remark, (2) other panel members were influenced by the remark to the defendant's detriment, and (3) the juror in question or one of the other jurors influenced by the remark was "forced" on the defendant. *Callins v. State*, 780 S.W.2d 176, 188 (Tex. Crim. App. 1986), *cert. denied*, 497 U.S. 1011 (1990); *McGee v. State*, 923 S.W.2d 605, 607 (Tex. App.—Houston [1st Dist.] 1995, no pet.).

Berkley failed to meet his burden to demonstrate harm. Assuming other panel members heard the venireperson's remark, there is no evidence any of them was affected by the remark to Berkley's prejudice or that such panel member was seated as a juror in this case. We overrule Berkley's first point of error.

### REQUEST FOR MISTRIAL

Berkley next complains of the trial court's failure to grant a mistrial due to comments the complainant made during her testimony. The evidence at trial revealed the complainant and her boyfriend attended a party together. During the party, they got into an argument and the complainant left the party on foot. Berkley approached the complainant, claiming to be an off-duty police officer, and told her she had to accompany him to his residence so he could complete some paperwork. The complainant testified Berkley said he had witnessed the argument and had already taken the boyfriend into custody for creating a disturbance. The complainant accompanied Berkley to a residence where he sexually assaulted her. The complainant was allowed to leave, and she later called police to report the crime. A police officer drove the complainant in a patrol car to police headquarters to obtain a statement. On the way, the officer requested she show him the residence where the crime occurred. As she was providing this portion of her testimony, the complainant related that the police officer told her the officer already knew the house because "he's got in trouble a lot or something." Berkley immediately requested an instruction to the jury to disregard the comment and a mistrial. The court granted the former but denied the latter. He instructed the jury to "disregard the statement made by the witness as to whether the defendant had previously been in any kind of trouble. That is not a proper subject for your consideration. You will limit yourself

to the evidence concerning this case." On appeal, Berkley claims the remark was so prejudicial the instruction to disregard could not remove the harm to Berkley.

We review a trial court's decision to deny a mistrial under an abuse of discretion standard. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). A mistrial is a remedy of last resort. "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Id.* Usually, an instruction to disregard the argument will cure any error caused by improper argument. *See, e.g., Dinkins v. State*, 894 S.W.2d 330, 357 (Tex. Crim. App.), *cert. denied*, 516 U.S. 832 (1995).

Berkley argues he was harmed by the complainant's comment and, due to the nature of the comment, any instruction by the court could not remove the harm. We disagree. The trial court promptly instructed the jury to disregard the statement and the jury is presumed to have followed that instruction. *See Gamboa v. State*, No. AP-75,635, 2009 WL 928552, at *4 n. 12 (Tex. Crim. App. Apr. 8, 2009). Nothing in the record demonstrates the comment had any harmful effect or that the jury was unable to follow the trial court's instruction. Accordingly, we overrule Berkley's second point of error. *See id.* at *4 (presuming jury disregarded testimony about extraneous offense when trial court gave prompt instruction to do so); *Brock v. State*, 275 S.W.3d 586, 591-92 (Tex. App.—Amarillo 2008, pet. ref'd) (holding jury presumed to have followed trial court's instruction to disregard deputy sheriff's testimony that defendant confessed).

### CRAWFORD VIOLATION

In his final point of error, Berkley asserts his right to confront witnesses was violated when the trial court admitted into evidence a medical report prepared by Sexual Assault Nurse Examiner

Cathy Krausse, who did not appear as a witness, and permitted Sexual Assault Nurse Examiner Shelly Botello to testify about Krausse's report.

Botello testified she was the coordinator of the Sexual Assault Nurse Examiners program at Methodist Specialty and Transplant Hospital. She explained her professional and educational qualifications to the jury and testified she had performed over 800 examinations of possible sexual assault victims. Botello identified the medical records relating to the initial examination of the victim in this case, established the business records predicate, and explained that Krausse, the nurse who performed the examination, was living in Alaska. Over Berkley's hearsay, "*Crawford*," and improper predicate objections, the trial court admitted the examining nurse's report. Botello next explained the steps involved when conducting an examination of the victim. She testified a history is obtained to ensure a proper medical diagnosis is made and proper treatment is given. Botello also testified the nurse examiner documents her observations of the victim's general and emotional appearance, in part to determine whether the victim might be mentally or chemically impaired and to evaluate the victim's psychological needs. At the State's request, Botello read some of the history and the examining nurse's observations of the complainant's general and emotional appearance from the report. Botello also provided her interpretation of some of nurse Krause's observations.

In *Crawford v. Washington*, the United States Supreme Court held a defendant's right to confrontation under the Sixth Amendment is violated when a witness is permitted to relate out-of-court "testimonial" hearsay statements unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. 541 U.S. 36, 59 (2004); s*ee De La Paz v. State*, 273 S.W.3d 671, 680 (Tex. Crim. App. 2008). Statements are testimonial only when "the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal

prosecution." *Davis v. Washington*, 547 U.S. 813, 822 (2006). Once an objection is made based on *Crawford*, the proponent bears the burden to demonstrate its admissibility. *De La Paz,* 273 S.W.3d, at 680-81. We review *de novo* the trial court's ruling admitting evidence over a confrontation objection. *Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2008).

Berkley did not have prior opportunity to cross-examine Krausse as to the contents of her report. Therefore, resolution of this issue turns on whether the report is testimonial within the meaning of *Crawford*. The United States Supreme Court recently noted that medical records, created for treatment purposes, are not "testimonial" within the meaning of *Crawford*. *Melendez-Diaz v. Massachusetts*, 129 S.Ct. 2527, 2533 n.2 (2009). Because there was evidence before the court that the purpose of the report was to render medical treatment to the complainant, and this evidence went unchallenged, we hold the trial court did not err in admitting the nurse's report of the examination. Berkley also complains the trial court erred in allowing Botello to read from Krausse's report. However, if a document is properly admitted into evidence, a witness may read the contents of that document to the jury. *See Wheatfall v. State*, 882 S.W.2d 829, 837 (Tex. Crim. App. 1994). Lastly, Berkley asserts the trial court erred in allowing Botello to interpret for the jury some of the observations Krausse made in the report. Although Berkley objected to admission of the report when it was first offered, he did not object to any of the State's questions or Botello's answers. He therefore failed to preserve this complaint for appellate review. *See* TEX. R. APP. P. 33.1. Berkley's final point of error is overruled.

The judgment of the trial court is affirmed.

Steven C. Hilbig, Justice

Publish