Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00655-CR

Erasmo **SANTA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-10591
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice

Delivered and Filed:  December 29, 2010

AFFIRMED

Erasmo Santa was convicted by a jury of murder.  On appeal, Santa contends his

Confrontation Clause rights were violated and the jury charge was defective.  We overrule

Santa's contentions and affirm the trial court's judgment.

## BACKGROUND

After Santa confronted the complainant, John Wilson, for being on Santa's property, a

fight ensued during which Santa kicked Wilson in the ribs and head.  Wilson was hospitalized

for two months before he was transferred to a nursing facility. Wilson died six days after being transferred to the nursing facility. A jury convicted Santa of murder, and he appeals.

### CRAWFORD VIOLATION

In his first issue, Santa asserts that his right to confront witnesses was violated because the medical examiner based her findings and conclusions regarding Wilson's cause of death, in part, on his medical records which she reviewed. Because none of the medical experts who prepared the records testified at trial, Santa complains that he was unable to cross-examine them. The State counters that the medical records are not testimonial statements; therefore, Santa's right to confront witnesses was not violated.

A criminal defendant has a constitutional right to confront a witness who testifies against him. U.S. CONST. amends. VI & XIV; TEX. CONST. art. I, § 10; *Crawford v. Washington*, 541 U.S. 36, 42 (2004). A testimonial out-of-court statement is inadmissible unless the declarant is unavailable to testify and the defendant had a prior opportunity to cross-examine him. *Crawford*, 541 U.S. at 53–54. The United States Supreme Court has noted, however, that medical records, created for treatment purposes, are not "testimonial" within the meaning of *Crawford*. *Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527, 2533 n.2 (2009); *see also Berkley v. State*, 298 S.W.3d 712, 715 (Tex. App.—San Antonio 2009, pet. ref'd) (holding medical report prepared for purpose of rendering medical treatment not testimonial). Santa contends that the medical records in this case are testimonial because the word "assault" appears in them. The use of the term "assault" in describing the circumstances giving rise to a patient's injury, however, does not convert medical records into testimonial statements where the medical records were clearly prepared for purposes of medical treatment. Because Wilson's medical records are not

testimonial statements, Santa's Confrontation Clause rights were not violated. Accordingly, Santa's first issue is overruled.

## JURY CHARGE

In his second and third issues, Santa asserts the jury charge was defective. In determining whether there is reversible error in the jury charge, we first decide whether error exists. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003). If error exists, we must next determine whether the defendant was harmed. *Id*.

A. Deadly Weapon

Santa first contends that the jury charge was defective because it commented on the evidence by presuming Santa used a deadly weapon, thereby eliminating the State's burden of proof. With regard to the use of a deadly weapon, the jury charge initially defined deadly weapon as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." This same definition appears in the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West Supp. 2010). The application paragraphs then instructed the jury as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 18[th] [d]ay of August, 2007, in Bexar County, Texas, the defendant, Erasmo Santa, did intentionally or knowingly cause the death of an individual, namely, John Wilson, by striking John Wilson with a deadly weapon, namely, the hand and foot of Erasmo Santa, that in the manner of its use or intended use was capable of causing death or serious bodily injury;
>
> Or, if you find from the evidence beyond a reasonable doubt that on or about the 18[th] [d]ay of August, 2007, in Bexar County, Texas, the defendant, Erasmo Santa, with intent to cause serious bodily injury to an individual, namely, John Wilson, did commit an act clearly dangerous to human life that caused the death of John Wilson, by striking John Wilson with a deadly weapon, namely, the hand and foot of Erasmo Santa, that in the manner of its use or intended use was capable of causing death or serious bodily injury, then you will find the defendant guilty of murder as charged in the indictment.

Santa contends the application paragraphs instructed the jury that his hands and feet were deadly weapons. We disagree. "The court charges the jury that they must find beyond a reasonable doubt that a deadly weapon was used; then restricts the jury by repeating the definition thereof and applying it to the instrument used." *McElroy v. State*, 528 S.W.2d 831, 824 (Tex. Crim. App. 1975); *see also Garcia v. State*, 212 S.W.3d 877, 884-85 (Tex. App.—Austin 2006, no pet.) (overruling objections to similar charge). Under the charge given, if the jury found that the manner of the use or intended use of Santa's hand and foot was not capable of causing death or serious bodily injury, the jury was required to find Santa not guilty because Santa would not have struck Wilson with a deadly weapon. Santa's second issue is overruled.

B. Jury Unanimity

In Santa's third issue, he asserts the jury charge was defective because it failed to require the jury to agree on a unanimous verdict. Specifically, Santa contends the application paragraphs quoted above contain a disjunctive charge so the jury was not required to unanimously agree on either the first manner in which murder was charged, *i.e.*, intentionally or knowingly causing the death of the individual, or the second manner in which murder was charged, *i.e.*, intending to cause serious bodily injury and committing an act clearly dangerous to human life that caused the death of the individual.

In *Garcia v. State*, 246 S.W.3d 121, 140-41 (Tex. App.—San Antonio 2007, pet. ref'd), this court rejected an identical argument. Because the disjunctive paragraphs refer to alternative manner or means of committing the offense of murder, the charge did not present the possibility of less than a unanimous conviction. *Id.*; *see also Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991). Santa's third issue is overruled.

**CONCLUSION**

The judgment of the trial court is affirmed.

Phylis J. Speedlin, Justice

DO NOT PUBLISH