**Affirmed as Modified; Opinion Filed February 18, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01410-CR

### ANTOINE LADALE TAYLOR, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 3
### Dallas County, Texas
### Trial Court Cause No. F11-61645-J

## MEMORANDUM OPINION
Before Justices O'Neill, Myers, and Brown
Opinion by Justice Myers

A jury convicted appellant Antoine Ladale Taylor of aggravated assault with a deadly weapon, family violence. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b)(1). After appellant pleaded true to the two enhancement paragraphs in the indictment, the jury found the enhancement paragraphs true and assessed a punishment of thirty-eight years' imprisonment and a $1,500 fine. In three issues, appellant argues the trial court erred by overruling his motion to quash the jury panel, the evidence is insufficient to support the $239 in court costs ordered by the trial court, and that the judgment should be modified to reflect that appellant pleaded true to the two enhancement paragraphs and that both enhancement paragraphs were found to be true. As modified, we affirm the trial court's judgment.

DISCUSSION

## 1. Motion to Quash the Jury Panel

In his first issue, appellant contends the trial court violated his right to the presumption of innocence by overruling defense counsel's motion to quash the jury panel. During its portion of the voir dire, the trial court introduced to the jury panel the two prosecutors, appellant, the two attorneys that represented appellant, the court's two bailiffs, the court reporter, and an intern who was observing the trial, then asked the panel members if they knew any of the people the court had just introduced. The relevant portion of the record reads as follows:

> [COURT:] Is there anyone else that knows anybody in—yes, ma'am?
>
> VENIREPERSON: My name is Chukunyere. I know of Castillo, I worked with her.
>
> THE COURT: Okay.
>
> VENIREPERSON: And I know Mr. Taylor.
>
> THE COURT: If you work at the sheriff's department, I'm sure that you do know the deputies that are involved.
>
> VENIREPERSON: Yeah, certainly you.
>
> THE BAILIFF: Crump.[1]
>
> VENIREPERSON: Crump. I've not met him. This is my sixth year, but I've not met him.
>
> THE COURT: Tell me this. Do you believe the fact that you work for the sheriff's department and know these two deputies, that it would affect your ability to be fair and impartial in this case?
>
> VENIREPERSON: Oh, it wouldn't.
>
> THE COURT: All right.
>
> VENIREPERSON: But like I said, I know Mr. Taylor. I'm in north tower and he has been there. I just know him. I really don't know his case or—

---

[1] Kathleen Castillo and Kevin Crump served as bailiffs for the trial court.

THE COURT:  You know Mr. Taylor?

VENIREPERSON:  Yes, ma'am.

THE COURT:  Okay. Now, that may be a little bit different.  Tell me, with the fact that you know or may have seen Mr. Taylor, would that affect your ability to be fair and impartial in this case?

VENIREPERSON:  It wouldn't.  On the contrary, Mr. Taylor, I precisely remember how I have come across—

THE COURT:  Let me say—let me say this.  Don't tell me where you know him from.  Would the fact that you recognize him affect your ability to be fair and impartial in this case?

VENIREPERSON:  It wouldn't.

THE COURT:  No?

VENIREPERSON:  It wouldn't.

THE COURT:  Okay.  All right.  Thank you.

Not long after this exchange, the trial court told the panel, prior to reading the indictment:

In a few minutes, I'm going to read to you the charges against the defendant. This document stating what he's charged with or accused of is not evidence against him.  It only tells the defendant what he's charged with and it tells the State of Texas what they are required to prove.  That's very important.

Sometimes people believe, well, if he didn't do anything, he wouldn't be here; and that's untrue.  He is an accused citizen at this point, so this is not evidence against him.  Mr. Taylor is here today charged with the offense of aggravated assault with a deadly weapon.

Following the reading of the indictment, the trial court excused a panel member who did not feel he could be fair and impartial, after which it instructed the remaining panel members regarding their ability to follow the law, consider the full range of punishment for the offense, and apply the "beyond a reasonable doubt" burden of proof.  The court then instructed the jury panel on the presumption of innocence, stating, in part:

Now, there—one principle of law that I do want to go over with you is the presumption of innocence.  The defendant is presumed to be innocent until guilt is established by legal evidence received before you, in the trial of this case, beyond a reasonable doubt.

–3–

That means that as Mr. Taylor sits here right now, without you having heard any evidence, he is presumed to be innocent. We start a trial from the standpoint of the defendant is innocent until proven guilty. It is the burden of the State to prove that he has, in fact, committed the offense.

That is the exact opposite of how some people think. Some people believe that the defendant starts from the standpoint of he is guilty and it is up to him to prove he is innocent, and that is not true. In this country, you are presumed innocent until proven guilty, and that's very important.

Before beginning his voir dire examination, defense counsel moved to quash the jury panel, arguing that Chukunyere's comment prejudiced the jury panel by informing them that appellant was currently in jail. The trial court overruled the motion.

A trial court has broad discretion over the voir dire process. *Hankins v. State*, 132 S.W.3d 380, 384 (Tex. Crim. App. 2004). We review a trial court's denial of a motion to quash a jury panel under an abuse of discretion standard. *Mendoza v. State*, 552 S.W.2d 444, 447 (Tex. Crim. App. 1977). After a defendant's motion to quash a jury panel based on improper juror comments has been denied, a defendant must prove the following to show harm: (1) other members of the panel heard the remark, (2) the jurors who heard the remarks were influenced to the prejudice of the defendant, and (3) the juror in question or some other juror who may have had a similar opinion was forced upon the defendant. *Callins v. State*, 780 S.W.2d 176, 188 (Tex. Crim. App. 1986); *see also Berkley v. State*, 298 S.W.3d 712, 713 (Tex. App.—San Antonio 2009, pet. ref'd); *Franco v. State*, No. 08–06–00280–CR, 2007 WL 2200468, at *2 (Tex. App.—El Paso Aug. 2, 2007, pet. ref'd) (not designated for publication); *Gonzalez v. State*, Nos. 14–03–00145 & 146–CR, 2004 WL 78182, at *2 (Tex. App.—Houston [14th Dist.] Jan. 20, 2004, pet. ref'd) (mem. op., not designated for publication). When a defendant fails to show harm, the trial court's ruling will not be disturbed on appeal. *See, e.g., Berkley*, 298 S.W.3d at 713 (noting that appellant failed to meet his burden of showing harm).

Applying the above factors to this case, we first note that the State acknowledges that Chukunyere's statement was made in front of the entire panel. We can infer from the record that other members of the panel heard the comment. *See, e.g., Pledger v. State*, No. 04–08–00682–CR, 2009 WL 3789607, at *2 (Tex. App.—San Antonio Nov. 11, 2009, no pet.) (mem op., not designated for publication) (noting that appellate court could infer from record that other members of the venire heard comment because it was made in open court and sufficiently audible for court reporter to record it). But even if we assume that other panel members knew that the "north tower" was part of the Dallas County jail complex, the most that can be said of Chukunyere's statement is it indicated appellant had been incarcerated. Chukunyere did not say why appellant was incarcerated in the north tower, how long he was held there, and she affirmed to the court that her recognition of appellant would not affect her ability to be fair and impartial. Furthermore, appellant has not shown that other potential jurors who heard Chukunyere's statement were influenced to the prejudice of appellant, nor does appellant cite any evidence supporting such an inference. And even if we assume other potential jurors were prejudiced by the statement, we cannot infer without further evidence that one of those jurors was forced upon appellant. Appellant has not pointed to any evidence showing that a prejudiced juror was forced upon him. Additionally, the trial court instructed the jury panel at length on the presumption of innocence. We conclude appellant has failed to establish that he suffered any harm because of Chukunyere's statement. We overrule appellant's first issue.

## 2. Court Costs

In his second issue, appellant argues that there is insufficient evidence in the record to support the trial court's order for appellant to pay $239 in court costs.

The Texas Code of Criminal Procedure provides in part that if a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have

accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006. The code of criminal procedure further provides that "[a] cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." *Id*. art. 103.001.

The clerk's record in this case did not contain a copy of the cost bill or any other document with an itemized list of costs assessed in this case. Given that appellant raised an issue concerning the costs assessed against him, we ordered the Dallas County District Clerk to prepare and file a supplemental clerk's record containing a detailed itemization of the costs assessed in this case, including specific court costs, fees, and court-appointed attorney's fees, and that the supplemental record should include documents explaining any and all abbreviations used to designate a particular fee, cost, or court-appointed attorney's fee. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted).

The District Clerk has complied with our order by filing a signed and certified supplemental clerk's record containing an itemization of the costs assessed in this case, and an explanation of the abbreviations used in the itemization. Because the record now contains a cost bill that supports the costs assessed in the judgment, appellant's argument that the evidence is insufficient to support the imposition of costs because the clerk's record does not contain a cost bill is, therefore, moot. *See Coronel v. State*, No. 416 S.W.3d 550, 555 (Tex. App.—Dallas 2013, pet. ref'd) (citing *Franklin v. State*, 402 S.W.3d 894, 894 (Tex. App.—Dallas 2013, no pet.)); *see also Juarez v. State*, No. 05–12–00125–CR, 2013 WL 3957008, at *9 (Tex. App.—Dallas July 31, 2013, no pet.) (not designated for publication).

In response to the supplemental clerk's record, appellant has filed objections in which he argues the cost bill filed in the supplemental record is not a proper bill of costs. He contends the cost bill is not proper bill of costs because it is an "unsigned, unsworn computer printout" that "was not signed by the officer who charged the cost nor by the officer who is entitled to receive payment for the cost." As we stated earlier, the code of criminal procedure requires that a bill of cost be certified and signed "by the officer who charged the costs or the officer who is entitled to receive payment for the cost," "stating the costs that have accrued" if the cause is appealed. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001, .006.

In this case, the District Clerk has provided a cost bill that itemizes the costs that have accrued thus far in appellant's case, and it is certified and signed by the District Clerk. This satisfies the mandate of the code of criminal procedure. *See Coronel*, 416 S.W.3d at 555 (rejecting argument that bill of costs in supplemental clerk's record was not a "proper bill of costs" because it was an "unsigned, unsworn computer printout"); *see also Juarez*, 2013 WL 3957008, at *10 (same). Appellant also contends there is no indication the bill of costs was filed in the trial court or brought to the court's attention before the costs were entered in the judgment. We rejected this argument in *Coronel*, where we stated that "nothing in the code of criminal procedure or the statutes addressing the assessment of costs against defendants requires that a bill of costs be presented to the trial court at any time before judgment." *Coronel*, 416 S.W.3d at 555–56; *see also Juarez*, 2013 WL 3957008. We therefore overrule appellant's issue and his objections.[2]

---

[2] In his original brief and his objections, appellant does not challenge the propriety or legality of the specific costs assessed; therefore, we do not address those matters.

### 3. Modification of Judgment

In his third issue, appellant argues that we should modify the judgment to properly reflect the pleas of true entered by appellant to the two enhancement paragraphs in the indictment. The State agrees that the judgment should be modified to show that appellant pleaded true to the enhancement allegations.

The indictment that charged appellant with aggravated assault with a deadly weapon included two enhancement paragraphs. The record shows that appellant pleaded true to the two enhancement paragraphs, but the judgment does not reflect a plea to the enhancement paragraphs, stating "N/A" under the "Plea to 1st Enhancement Paragraph" and "Plea to 2nd Enhancement/Habitual Paragraph." In addition, the judgment states "N/A" under the "Findings on 1st Enhancement Paragraph" and "Findings on 2nd Enhancement/Habitual Paragraph."

This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 2728 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Our authority to modify an incorrect judgment is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court. *See Asberry*, 813 S.W.2d at 529–30. We thus sustain appellant's third issue and modify the judgment to reflect that appellant pleaded true to the two enhancement paragraphs in the indictment and that they were found to be true.

As modified, we firm the trial court's judgment.

/ Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121410F.U05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTOINE LADALE TAYLOR, Appellant

No. 05-12-01410-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F11-61645-J.
Opinion delivered by Justice Myers.
Justices O'Neill and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

"Plea to 1st Enhancement Paragraph:  True" and "Plea to 2nd Enhancement/ Habitual Paragraph:   True."

"Findings on 1st Enhancement Paragraph:  True" and "Findings on 2nd Enhancement/Habitual Paragraph:  True."

As **MODIFIED**, the judgment is **AFFIRMED**.   We direct the trial court to enter a new judgment that reflects these modifications.

Judgment entered this 18th day of February, 2014.

/Lana Myers/
LANA MYERS
JUSTICE