**AFFIRM as MODIFIED; and Opinion Filed April 6, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01284-CR

### CARNELL LEE GREEN, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause No. F-1262651-Y**

## MEMORANDUM OPINION

Before Justices Myers, Evans, and O'Neill[1]
Opinion by Justice O'Neill

Appellant Carnell Lee Green appeals his jury conviction for burglary of a habitation. After finding appellant guilty, the jury assessed his punishment at ten years' confinement. Appellant complains about four points of error: 1) the trial court violated his right to the presumption of innocence by having him wear leg shackles, 2) the trial court erred by overruling his motion to quash the jury panel due to a juror's comment on appellant's leg shackles, 3) the evidence was insufficient to support the jury's verdict, and 4) the judgment should be modified to properly reflect the correct prosecutor in the case. We sustain appellant's fourth issue, modify the trial court's judgment, and affirm the judgment as modified. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a),47.4.

---

[1] The Hon. Michael J. O'Neill, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

On November 20, 2012, Dallas Police Officer Thomas Schiller responded to a call regarding the burglary of a habitation on Meadow Street in Dallas, Texas. As Schiller approached the subject residence, he stopped short when he came upon a trash/recycling bin in the middle of the street. As he exited his vehicle to investigate the bin, he was approached by appellant who said, "It is mine, I will move it." The bin contained miscellaneous items, including shovels, brooms, a hot plate, a television, and a picture of The Lord's Last Supper.

When the police arrived at the subject residence, they found three obvious entry locations: the side door, the back door, and the detached garage door had either been pried open or kicked-in. The house had been ransacked with things thrown all over the floor. The home belonged to Melva Jones and had been vacant for some time. Ms. Jones' daughter-in-law, Alpher Jones, worked close by and arrived at the scene shortly after the police. Alpher testified that she was at the house two days before and had cleaned out the freezer and put the discarded materials in the trash bin. When Alpher arrived at the home on November 20th, the contents from the freezer were thrown out of the bin and into the driveway.

A neighbor testified he watched the property for Melva and before the incident, the trash and recycle bins had been located beside the house, not at the curb. The neighbor also testified that one door to the house had been broken-in before, but Melva repaired that door, and the doors had been secured before he saw appellant in the street with Melva's property. The police testified there were marks on the ground showing the bin had originally been located at the side door and was pushed on the wet dirt from the side door to the street.

Appellant testified that while out riding his bicycle, he saw trash blowing around the street and yard. He followed the trail of trash to the subject property. Appellant saw the bin loaded "with junk" and did not see anyone around the property. When he realized no one was there, he "pulled the trash can to the front of the yard. . . and rode down the street with it."

In his first point of error, appellant contends the trial court violated his right to the presumption of innocence by having him wear leg shackles during his trial and failed to enter specific findings regarding why he was shackled. The State responds that appellant has waived his right to complain on appeal that he was prejudiced because appellant failed to assert a specific objection to the wearing of shackles at trial.

Appellant specifically asserts the trial court abused its discretion by making appellant wear leg shackles during the trial and by failing to make a specific finding as required by law as to why the shackles should remain. *See Culverhouse v. State*, 755 S.W.2d 856, 860 (Tex. Crim. App. 1988). However, appellant's complaint is not preserved for appeal. To preserve error for appeal, a party must present a timely and specific objection to the trial court. TEX. R. APP. P. 33.1(a)(1); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). Additionally, the complaint on appeal must comport with the objection at trial. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Here, appellant did not object to being shackled, did not ask the court to enter specific findings as to the reason he was shackled, and did not complain that the shackles violated his presumption of innocence. Appellant's only objection regarding the shackles came in the form of a motion to quash the jury panel after a juror noted appellant was wearing shackles. Consequently, appellant did not preserve this argument on appeal because it was not lodged at trial. *See* TEX. R. APP. P. 33.1. We overrule appellant's first point of error.

In his second point of error, Appellant argues the trial court erred by overruling his motion to quash the jury panel after a juror commented on his leg shackles. The State responds the denial of the motion to quash was proper because the court gave a curative instruction. The relevant portion of the record reads as follows:

> [DEFENSE ATTORNEY]: And you feel comfortable with the idea that if they fail to meet their burden, if they fail to prove it to you beyond a reasonable doubt, the law says that you have to find him not guilty. Do you have a problem with that?

. . . .

PROSPECTIVE JUROR: I would have a problem with this, especially since he is shackled.

THE COURT: The jury will disregard that.
. . . .

(Prospective jurors left the courtroom.)

THE COURT: Go ahead.

[DEFENSE ATTORNEY]: Judge, we make a motion to quash the panel based on the outburst, unnecessary outburst, from Juror Number 70 about the defendant being shackled.

THE COURT: The Court gave an immediate instruction, and the Court would also note if we don't get to the jury, i.e., Juror 66 through 75, no one else could possibly have seen the defendant shackled. In addition to that, the Court does not think that people perceived exactly what she was saying. And even if they did, I think my curative instruction would take care of that. The motion is denied. Okay. Anything else?

After the recess and before the panel reentered the courtroom, the judge further stated:

THE COURT: First of all, on the record. The Court notes that the strike range was through 36, alternate range through 40. Therefore, as additional support for not granting the motion to quash the panel, the only jurors that could possibly have seen the defendant in shackles were Jurors 66 through 75, and none of them are – are eligible for the jury.

The trial court has broad discretion over the process of selecting a jury. *Sells v. State*, 121 S.W.3d 748, 755 (Tex. Crim. App. 2003). We review a trial court's denial of a motion to quash a jury panel under an abuse of discretion standard. *Id*. After a defendant's motion to quash a jury panel based on improper juror comments has been denied, a defendant must prove the following to show harm: (1) other members of the panel heard the remark, (2) the jurors who heard the remarks were influenced to the prejudice of the defendant, and (3) the juror in question or some other juror who may have had a similar opinion was forced upon the defendant. *Callins v. State*, 780 S.W.2d 176, 188 (Tex. Crim. App. 1986); *see also Berkley v. State*, 298 S.W.3d 712, 713

–4–

(Tex. App.—San Antonio 2009, pet. ref'd). When a defendant fails to show harm, the trial court's ruling will not be disturbed on appeal. *See, e.g., Berkley*, 298 S.W.3d at 713.

In this case, we first note that the State acknowledges the juror's statement was made before the entire jury panel. However, the State argues the juror's comment was "fleeting, and not so severe that it could not be cured." The record shows the trial court issued a prompt instruction for the panel to disregard the juror's comment. We generally presume that the jury follows the trial court's instructions, including a limiting instruction. *See Waldo v. State*, 746 S.W.2d 750 (Tex. Crim. App. 1988). The presumption is rebuttable, but appellant has pointed to no evidence in rebuttal. We find no other juror remarks about the shackles in this record. Further, the juror who expressed concern about appellant being shackled was struck during voir dire. We conclude appellant has failed to establish that he suffered any harm because of the juror's comment. We overrule appellant's second point of error.

In his third point of error, appellant argues the evidence was insufficient to support a finding beyond a reasonable doubt that he committed the offense of burglary of a habitation. Specifically, appellant asserts that the State presented no evidence showing appellant entered the home. The State claims direct evidence of entry is not required, and responsibility may be established by inference.

When reviewing the legal sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether, based on that evidence and reasonable inferences therefrom, a rational finder of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). We treat direct and circumstantial evidence equally, and circumstantial evidence alone can be sufficient to establish guilt. *Gilbertson v. State*, 563 S.W.2d 606, 608 (Tex. Crim. App. 1978). We are required to defer to the

jury's credibility and weight determinations given to the evidence. *Thornton v. State*, 425 S.W.3d 289, 303 (Tex. Crim. App. 2014).

A person commits the offense of burglary of a habitation if, without the effective consent of the owner, the person "enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault . . . ." TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011). A defendant's unexplained possession of property recently stolen in a burglary permits an inference that the defendant is the one who committed the burglary. *Rollerson v. State*, 227 S.W.3d 718, 725 (Tex. Crim. App. 2007). The inference permitted is that the defendant is criminally responsible for the property stolen during the burglary. *Id*. at 726.

The evidence reveals that appellant approached Officer Schiller and told him, "It is mine, I will move it." Appellant gave consent to be searched, and the officer found appellant's pockets full of jewelry. Appellant was also wearing a "Thanksgiving necklace" around his neck. When Alpher arrived at the scene, she identified all of the jewelry and items in the bin as Melva's property and stated the "Thanksgiving necklace" was also on Melva's bathroom counter "a day or two before." Alpher also stated the picture of "The Lord's Last Supper" was hanging on the living room wall before the incident.

It is well settled that the unexplained possession of property recently stolen in a burglary permits an inference that the defendant is the one who committed the burglary. *Rollerson*, 227 S.W.3d at 725; *Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006). Considering all the evidence in the light most favorable to the jury's verdict, we conclude a rational tier of fact could have found appellant guilty of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Gear,* 340 S.W.3d at 746. We overrule appellant's third point of error.

In his fourth point of error, appellant contends his judgment should be modified to properly reflect the correct prosecutor in his case. The State agrees the judgment is incorrect and asks this Court to correct the judgment. This Court has the power to modify an incorrect judgment when we have the necessary data and information to do so. TEX. R. APP. P. 43.2(b). The record shows, and the State agrees, J. Healy was not the attorney for the State at trial, but it was Tommy Adams instead. Accordingly, we modify the trial court's judgment to remove "J. Healy" as "Attorney for the State" and in its place reflect "Tommy Adams" was the attorney for the State in this case.

In conclusion, we modify the trial court's judgment to reflect Tommy Adams was the attorney for the State. As modified, we affirm the trial court's judgment.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE, ASSIGNED

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b).

131284F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CARNELL LEE GREEN, Appellant

No. 05-13-01284-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. F-1262651-Y.
Opinion delivered by Justice O'Neill.
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The name J. Healy will be removed and the name Tommy Adams will be replaced in its stead, as attorney for the State.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of April, 2015.