

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00246-CR

JOHN ANTHONY DOBBS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                           STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 1452534D

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant John Anthony Dobbs appeals his conviction for sexual assault of a child under seventeen years of age for which he was sentenced to seventy-five years' confinement after pleading true to the habitual offender paragraph in his indictment. In a single point, Dobbs argues that the trial court violated his right to

---

[1]*See* Tex. R. App. P. 47.4.

confront the witnesses against him under the Confrontation Clauses of the Texas and United States Constitutions by admitting the statements the victim made to the sexual assault nurse examiner (SANE). Because we hold that the victim's statements to the SANE are not testimonial and that the Confrontation Clause therefore does not apply, we will affirm.

## II. BACKGROUND[2]

Following the fourteen-year-old victim's report to her father that Dobbs, who was living in their garage, had "raped" her, the victim's mother and father took her to Cook Children's Medical Center. Stacy Henley, a pediatric SANE who was part of the Child Advocacy Resource and Evaluation team, met with the victim and took down her patient history verbatim for the purpose of medically diagnosing and treating her.

Nurse Henley testified at trial that the patient history section of her report pertaining to the victim included the following,

> She told me: I fell asleep around 1:00 a.m. I kicked my wall and a picture on my wall fell on me.
>
> Then she said: He pulled out a pipe and said, Have you ever smoked out of a pipe before? I said yes, but I thought it was weed. So I smoked the pipe. We were in the garage which is made into a room. He picked up my phone and then he picked me up and he -- and put me on the bed. He said, Are you sure you want to do this? And I said no. I said no lots of times.

---

[2]Because Dobbs does not challenge the sufficiency of the evidence to support his conviction, we set forth only a brief summary of the facts pertinent to the issue on appeal.

> After what happened, he put his clothes on and went, and I went to the bathroom. I was there for an hour. My brother told me to get out of the bathroom, but I told him [Dobbs] raped me and I didn't want to come out until I knew he was gone. I was crying to my friend . . . . She called my dad, and he came to me, and I told him what happened.

Nurse Henley asked the victim additional questions about the types of sexual contact that had occurred in order to determine the testing to perform and where to look for possible injuries. The victim said that Dobbs had put his finger and his penis inside her vagina; that he had rubbed on her genitalia, including fondling her breast; and that he had kissed her on the mouth. Nurse Henley performed an anal exam and a genital exam on the victim, which revealed that recent trauma had occurred to her hymen. The victim said that she had not engaged in consensual sex during the recent time period. Nurse Henley provided treatment for the victim by giving her four prophylactic antibiotics for gonorrhea, chlamydia, Trichomonas, and pregnancy.

The victim did not testify at trial. The victim's father explained that the victim was absent from the trial because following the sexual assault, her depression had worsened, and she had attempted suicide on more than one occasion, which resulted in her being taken to a psychiatric hospital where she remained at the time of trial.

### III. NO CONFRONTATION CLAUSE VIOLATION OCCURRED

In his sole point, Dobbs argues that the trial court violated his right to confront the witnesses against him under the Confrontation Clauses of the Texas

and United States Constitutions by admitting the statements the victim made to Nurse Henley.[3]  Dobbs argues that the victim's statements to Nurse Henley are testimonial in nature because the purpose of the sexual assault examination was two-fold:  to provide medical treatment and to collect evidence.

## A.  Standard of Review

We review a trial court's evidentiary rulings under an abuse-of-discretion standard.  *See Jenkins v. State*, 493 S.W.3d 583, 607 (Tex. Crim. App. 2016).  A trial judge's decision is an abuse of discretion only when it falls outside the zone of reasonable disagreement.  *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007).  An evidentiary ruling will be upheld if it is correct on any theory of law applicable to the case.  *Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App.), *cert. denied*, 549 U.S. 1024 (2006).

## B.  The Confrontation Clause's Requirements and the Law on Admitting Statements Made During a Sexual Assault Exam

The Confrontation Clause dictates that an accused "shall enjoy the right . . . to be confronted with the witnesses against him."  U.S. Const. amend. VI.  But if the declarant is subject to cross-examination at trial, "the Confrontation Clause places no constraints at all on the use of [a declarant's] prior testimonial

---

[3]Because Dobbs has not pointed out any meaningful distinctions between the federal and state confrontation clauses, we decline to address his state constitutional claim separately.  *See Lagrone v. State*, 942 S.W.2d 602, 613–14 (Tex. Crim. App.) (declining to address state constitutional claim separately when the defendant did not point out any meaningful distinctions between the federal and state confrontation clauses), *cert. denied*, 522 U.S. 917 (1997).

4

statements. . . . The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." *Crawford v. Washington*, 541 U.S. 36, 59 n.9, 124 S. Ct. 1354, 1369 n.9 (2004). Accordingly, to implicate the Confrontation Clause, the challenged out-of-court statement must be made by a witness absent from trial and be testimonial in nature. *See id.* at 59, 124 S. Ct. at 1369.

In determining whether an out-of-court statement made by a witness is testimonial or nontestimonial, our focus centers on the primary purpose of a statement, i.e., whether the statement was procured "with a primary purpose of creating an out-of-court substitute for trial testimony." *See Michigan v. Bryant*, 562 U.S. 344, 358–59, 131 S. Ct. 1143, 1155–56 (2011); *see also Davis v. Washington*, 547 U.S. 813, 822, 126 S. Ct. 2266, 2274 (2006) (statements are testimonial only when "the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution)." In making this determination, a court must "objectively evaluate the circumstances in which the encounter occurs and the statements and actions of the parties." *Bryant*, 562 U.S. at 359, 131 S. Ct. at 1156.

When the primary purpose is something other than to provide a record for a future criminal prosecution, the statement is not considered to be testimonial for purposes of the Sixth Amendment. *Id.* at 344, 358–59, 131 S. Ct. at 1155–56. Thus, when a witness provides a statement to a medical professional, as opposed to a law enforcement officer, and the statement is made primarily for the

5

purpose of medical treatment, the statement is not typically considered testimonial within the meaning of *Crawford*. *See Melendez–Diaz v. Massachusetts*, 557 U.S. 305, 312 n.2, 129 S. Ct. 2527, 2533 n.2 (2009); *see also Weiss v. State*, No. 02-07-00390–CR, 2009 WL 4757379, at *12–13 (Tex. App.—Fort Worth Dec. 10, 2009, pet. ref'd) (mem. op., not designated for publication) (recognizing that "[m]edical records created for purposes of treatment and admitted under the business records exception are not testimonial under *Crawford*"); *see generally Davis v. State*, 169 S.W.3d 660, 667 (Tex. App.—Austin 2005), *aff'd*, 203 S.W.3d 845 (Tex. Crim. App. 2006) (recognizing that statements made to police officers are more likely to be characterized as "testimonial" in nature).

Virtually all Texas courts that have considered the issue, including this court, have concluded that when a patient gives a verbal history to a SANE or other medical professional during a sexual assault exam for the purpose of receiving medical treatment, the history is not considered testimonial within the context of *Crawford*. *See Morrison v. State*, No. 02-05-00443-CR, 2007 WL 614143, at *4 (Tex. App.—Fort Worth Mar. 1, 2007, pet. ref'd) (mem. op., not designated for publication) (holding child's statements to nurse during a sexual assault exam were nontestimonial because purpose of the exam was to ascertain whether child had been sexually assaulted and needed treatment), *cert. denied*, 552 U.S. 1126 (2008); *see also Ervin v. State*, No. 08-15-00025-CR, 2017 WL 3614237, at *10–11 (Tex. App.—El Paso Aug. 23, 2017, pet. ref'd) (not

6

designated for publication) (collecting cases). *See generally Beheler v. State*, 3 S.W.3d 182, 189 (Tex. App.—Fort Worth 1999, pet. ref'd) (stating that the object of a sexual assault exam is to ascertain whether a victim has been sexually abused and to determine whether further medical attention is needed, and therefore, the victim's statements describing the acts of sexual abuse are pertinent to the victim's medical diagnosis and treatment).[4]

### C. Hearing on the Admissibility of the Victim's Statements to Nurse Henley

Before Nurse Henley testified in front of the jury, the trial court held a hearing outside the jury's presence to determine the admissibility of the victim's statements to Nurse Henley. Nurse Henley was questioned about what a patient's purpose is for seeing her, and she responded, "For medical treatment and evaluation." Nurse Henley said that when she meets with a child to obtain the child's medical history, she makes sure the child understands that she is there to treat his or her medical needs and that it is important to tell her exactly what happened so that she can provide appropriate treatment. Nurse Henley explained that the first line of the patient history in her report pertaining to the victim states that the victim "is aware that she is being seen for a medical evaluation for the purpose of diagnosis and treatment." On cross-examination,

---

[4]Dobbs does not argue on appeal that the victim's statements constituted hearsay and acknowledges that the victim's statements were admitted under the hearsay exception of rule 803(4). *See* Tex. R. Evid. 803(4) (setting forth hearsay exception for a statement made for the purposes of medical diagnosis or treatment).

7

Nurse Henley agreed that part of the exam—the evidence collection—is forensic in nature. At the conclusion of defense counsel's cross-examination, he objected to Nurse Henley's testimony, arguing that the forensic nature of the sexual assault exam makes the victim's statements to Nurse Henley testimonial and that because the victim was not going to testify at trial, Dobbs was being denied his right to confront the witnesses against him. The trial court denied Dobbs's blanket objection to all of Nurse Henley's testimony but permitted him to reurge specific objections when the victim's statements were offered before the jury. Over Dobbs's objection, Nurse Henley testified regarding the statements the victim made to her, as set forth in the background section above.

## D. Analysis

Here, it is undisputed that the victim did not testify at trial, so the focus of our inquiry is whether the victim's statements to Nurse Henley, which Nurse Henley testified to at trial, were testimonial in nature. The record demonstrates that the victim's parents, not the police, took her to the hospital after learning that she had been sexually abused. As part of the exam, evidence was collected, but Nurse Henley testified that her primary purpose for conducting the exam was to provide the victim with medical treatment. It was not Nurse Henley's job to determine whether the victim's injuries had been caused by Dobbs or to decide whether Dobbs was guilty of sexual assault. Moreover, the victim's statements were made to a nurse at a hospital, not to a police officer, and thus the victim's statements were not made under circumstances that would lead an objective

8

witness to reasonably believe that the statements would be used at trial. Accordingly, the victim's statements to Nurse Henley were not testimonial in nature, and thus the admission of the victim's statements to Nurse Henley did not violate Dobbs's Sixth Amendment right to confrontation under *Crawford*. *See Morrison*, 2007 WL 614143, at *4 (holding SANE's testimony regarding victim's statements describing sexual assault were not made in a testimonial context and thus *Crawford* did not apply); *see also Berkley v. State*, 298 S.W.3d 712, 715 (Tex. App.—San Antonio 2009, pet. ref'd) (holding that SANE coordinator was allowed to read examining nurse's report that included some of the history and the examining nurse's observations of the complainant's general and emotional appearance because such report was created for treatment purposes and was not testimonial). We hold that the trial court did not abuse its discretion by admitting the statements the victim made to Nurse Henley, and we overrule Dobbs's sole point.

## IV. CONCLUSION

Having overruled Dobbs's sole point, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, KERR, and PITTMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 21, 2018

9