

# NUMBER 13-18-00573-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DONALD S. METOYER a/k/a
DONALD SCOTT METOYER a/k/a
DONALD METOYER,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

On appeal from the 347th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Longoria**

Appellant Donald Scott Metoyer was convicted on three counts of sexual assault,

enhanced to a first-degree felony.  *See* TEX. PENAL CODE ANN. § 22.011(a)(1).  Metoyer

argues that (1) the trial court erred in admitting the report of Elizabeth Williams, a sexual

assault nurse examiner (SANE), because it violated the Confrontation Clause of the Sixth Amendment; and (2) even if the report was properly admitted, it should have been excluded under Rule 403 of the Texas Rules of Evidence. *See* U.S. CONST. amend. VI; TEX. R. EVID. 403. We affirm.

## I. BACKGROUND

On September 15, 2013, an argument broke out between the complainant, E.J., who was eighteen years old at the time, and her mother. E.J. testified that she left her house after midnight and walked to a park where she sat on a swing. While sitting down, she noticed someone approaching her. The man stood next to her at the right side of the swing. The man did not introduce himself but asked her questions concerning why she was at the park late at night, where she lived, and if she smoked or drank. E.J. testified that the man tried to forcefully kiss her. E.J. attempted to dial 911 on her phone; however, as she was pushing him away, the screen locked. He noticed her trying to unlock the phone, and he knocked the phone out from her hand. E.J. stood up and tried pushing him away, but the man hit her on the face and placed his hand on her throat. As he was squeezing her throat, she fell down to the ground. Once E.J. was on the ground, the man pulled up her shirt and covered her face with it. He took off her bra and licked her breasts. With his free hand, he unbuckled her pants and tried to penetrate her, but E.J. told him that she was on her period, hoping that he would stop. However, he flipped her over and attempted to penetrate her anus using his finger and penis. From there, he masturbated and ejaculated on the back of her thigh. Afterwards, he told E.J. to get up, walk ahead of him, and not to turn around.

2

E.J. flagged down a car and called her mother and the police. E.J. was taken to the hospital where multiple DNA samples were taken from her body. Because E.J. did not know her attacker and there were no witnesses at the time of the assault, police sent the SANE report to the Department of Public Safety to process the evidence. The DNA evidence was matched to Metoyer.

Metoyer was indicted for three counts of sexual assault. *See id*. § 22.011(a)(1). During trial, nurse Sonja Eddleman testified about the SANE report that was conducted by nurse Williams. Metoyer's counsel objected under Rules 403 and 602, asserting that Eddleman "is not the one in the affidavit. . . . She does not know if it is a true copy. She is only talking about a couple of pages that she has reviewed. So it is not a complete record." *See* TEX. R. EVID. 403, 602. The trial court overruled the objection and allowed Eddleman to testify about the SANE report.

On September 19, 2018, the jury found Metoyer guilty on all three counts. The State sought to enhance Metoyer's punishment to that of a habitual felony offender based on his prior felony conviction, and the trial court found his prior conviction true. Metoyer was sentenced to seventy-five years' imprisonment in the Institutional Division of the Texas Department of the Criminal Justice for each count and the sentences were to run concurrently. This appeal followed.

## II. THE CONFRONTATION CLAUSE

In his sole issue, Metoyer argues that because Eddleman's testimony was based on the SANE report conducted by Williams, its admission violated his right to confrontation under the Sixth Amendment. *See* U.S. CONST. amend. VI.

### A. Standard of Review and Applicable Law

3

The defendant has the right to confront witnesses against him. *See id.* The Confrontation Clause applies to both in-court testimony and out-of-court statements that are testimonial in nature. *Crawford v. Washington*, 451 U.S. 36, 51 (2004). If the defendant objects to the admission of out-of-court testimony under the Confrontation Clause, the State has the burden of establishing that the testimony is admissible under *Crawford*. *Vinson v. State*, 252 S.W.3d 336, 340 (Tex. Crim. App. 2008); *see De La Paz v. State*, 273 S.W.3d 671, 680–81 (Tex. Crim. App. 2008).

The central question in a Confrontation Clause analysis is whether the statements were testimonial or nontestimonial in nature. *Woods v. State*, 152 S.W.3d 105, 113 (Tex. Crim. App. 2004). Testimonial statements include those "that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Crawford*, 541 U.S. at 52. Medical reports that are created for treatment purposes are generally not considered to be testimonial nor within the meaning of *Crawford*. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 312 (2009); *Berkley v. State*, 298 S.W.3d 712, 715 (Tex. App.—San Antonio 2009, pet. ref'd). Testimonial hearsay is only admissible if the declarant is unavailable and the defendant had a prior opportunity to cross-examine. *Bullcoming v. New Mexico*, 564 U.S. 647, 660 (2011); *Paredes v. State*, 462 S.W.3d 510, 514 (Tex. Crim. App. 2015). On appeal, whether a statement is testimonial is a question of law subject to de novo review. *De La Paz*, 273 S.W.3d at 680; *Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006).

**B. Analysis**

Metoyer argues that the trial court erred by overruling his objection to the admission of the SANE report. More specifically, Metoyer asserts that Williams' report was testimonial because it was used primarily for law enforcement purposes; he also argues that Eddleman had no personal knowledge of the items within the report because she did not personally conduct the exam on E.J. However, Eddleman testified that William's report was primarily generated to assist in diagnosing and rendering medical treatment to E.J. Because there was evidence before the trial court that the purpose of Williams' report was for medical treatment, we hold that the trial court did not err by admitting it. *See Michigan v. Bryant*, 562 U.S. 344, 361–62 (2011) (concluding that reports created primarily to render medical treatment are non-testimonial and "the Confrontation Clause does not require such statements to be subject to the crucible of cross examination"); *Berkley*, 298 S.W.3d at 715 (observing that "medical records, created for treatment purposes, are not 'testimonial' within the meaning of *Crawford*"); *cf. Kou v. State*, 536 S.W.3d 535, 544 (Tex. App.—San Antonio 2017, pet. ref'd) (holding that the State failed to meet its burden to demonstrate that the primary purpose for testing the complainant for herpes was for medical treatment because nothing in the record reflected "that the lab test results were used for anything other than prosecution"). We overrule Metoyer's first issue.

### III. RULE 403

In the last paragraph of his brief, Metoyer argues that even if Eddleman's testimony about Williams' report was properly admitted without violating the Confrontation Clause, such testimony should have been excluded under Rule 403. *See* TEX. R. EVID. 403. Even

though Metoyer only devoted a single paragraph to the issue and provided no case citations, we will liberally construe his brief and address the issue.

## A. Standard of Review and Applicable Law

A trial court's ruling regarding the admissibility of evidence is reviewed for abuse of discretion. *See Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009); *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). "As long as the trial court's ruling is within the 'zone of reasonable disagreement,' there is no abuse of discretion, and the trial court's ruling will be upheld." *De La Paz v. State*, 279 S.W.3d 336, 343–44 (Tex. Crim. App. 2009).

Rule 403 states that a trial court may exclude relevant evidence if the evidence's "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. However, courts presume that the probative value of relevant evidence exceeds any potential danger of unfair prejudice until proven otherwise. *See Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1990) (en banc) (op. on reh'g). A trial court's decision on a Rule 403 objection is "rarely" disturbed and is given "an especially high level of deference." *United States v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007); *see Robisheaux v. State*, 483 S.W.3d 205, 218 (Tex. App.—Austin 2016, pet. ref'd); *see also Garza v. State*, No. 13-17-00677-CR, 2018 WL 3655519, at *4 (Tex. App.—Corpus Christi Aug. 2, 2018, no pet.) (mem. op., not designated for publication). When performing a Rule 403 analysis, the trial court

> must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main

6

issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. Of course, these factors may well blend together in practice.

*Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

## B. Discussion

On appeal, Metoyer asserts that Eddleman's testimony was "prejudicial to the Defendant with little probative value beyond her ability to attempt to circumvent the Confrontation Clause." Before Eddleman testified, Metoyer's counsel lodged a Rule 403 objection and the following exchange occurred

| [Metoyer's counsel]: | I believe the evidence coming in substantially outweighs by [sic] the unfair prejudice due to time, due to late notice, due to this witness not being the actual person who conducted the examination. |
|---|---|
| [Trial court]: | The court finds at this time that Ms. Eddleman's testimony is relevant and it is probative and that the probative value in this case is not substantially outweighed by the danger of unfair prejudice, confusion and misleading the jury, undue delay, wasting time or cumulative evidence. |

Metoyer has not, before the trial court or on appeal, elaborated as to how the probative value of Eddleman's testimony was outweighed by the dangers of unfair prejudice. *See* TEX. R. EVID. 403. Metoyer has offered no further explanation as to how Eddleman's testimony was irrelevant or would cause jury confusion or needlessly waste time. *See id.* Thus, Metoyer has not overcome the presumption that the probative value of Eddleman's testimony exceeds any potential for unfair prejudice, and we will defer to the trial court's ruling. *See Montgomery*, 810 S.W.2d at 389; *Robisheaux*, 483 S.W.3d at 218. The trial

court did not abuse its discretion in admitting the evidence.  *Amador*, 275 S.W.3d at 878.

We overrule Metoyer's second issue.

## IV. Conclusion

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
25th day of July, 2019.